# Case No. 13,995.

## The THORNTON.

[2 Ben. 429.] [1]

District Court, S. D. New York.  May, 1868.

COLLISION—IN A DOCK — VESSEL HAULING OUT — LINES.

Where a schooner, coming into a slip, was made fast by lines to a ship, by the permission of those in charge of the ship, and thereafter the ship desired to leave the slip, and those in charge of the schooner were requested to cast off the lines, and, all parties supposing that they were cast off, the ship was hauled out by a tug, and, in being hauled out. came in contact with and injured the schooner, which collision the schooner claimed to have been caused by the ship's being allowed to fall upon the schooner with the tide, and the ship claimed to have been caused by a line which should have been cast off but was not, and which pulled the schooner towards the ship: *Held*, that. in either case, the ship was liable for the collision. It was the duty of the moving

---

[2] [From 8 Am. Law Reg. (N. S.) 42.]

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

vessel to be certain that all the lines were unfastened before she began to move.

In admiralty.

W. Q. Morton and J. K. Hill, for libellants.
Beebe, Dean & Donohue, for claimants.

BLATCHFORD, District Judge. This is a libel for a collision which occurred in the harbor of New York, between the schooner James Bolton and the ship Thornton, on the 26th of January, 1867, about 10 o'clock, a. m., in the slip between piers 26 and 27 East river. The schooner came into the slip on the evening before, and, by the permission of those in charge of the ship, the ship being then moored to the lower side of pier 27, with her bow headed to the shore, was fastened by two lines to the port side of the ship. The next morning, the ship being about to start to go to sea, those in charge of her requested the persons on board of the schooner to cast off the lines which fastened the schooner to the ship, and which lines belonged to the schooner. The evidence is, that the persons in charge of the ship, as well as those in charge of the schooner, supposed that all lines fastening the schooner to the ship were removed before the ship started. She started, pulled out backwards by a steam tug. The tide was flood, with running ice. The schooner lay angling towards the ship, the bow of the schooner towards the bow of the ship, and the bow of the schooner nearer to the bow of the ship than the stern of the schooner was to the ship, there being a space of several feet between the bow of the schooner and the ship. The port side of the schooner was fastened to vessels on that side of her. The ship, as she went out, came into collision with the schooner and damaged her seriously. The claim on the part of the schooner is, that the flood tide carried the stern of the ship up and forced her bow down and away from pier 27 and against the schooner, and caused the collision, and that there was room enough for her to have gone out straight without touching the schooner, if she had been properly managed, and that there was negligence and carelessness in the manner in which she was attached by a hawser to the tug, and that thereby her bow was permitted to swing down against the schooner. On the part of the ship it is claimed that the ship went out parallel with pier 27, and that her bow did not fall off against the schooner, but that, after she began to move, the bow of the schooner was pulled towards the ship, and it was then discovered that a line was left fastened from the starboard side of the schooner to the port quarter of the ship, which pulled the schooner around, so as to cause the collision and do the damage, and that the collision was the fault of those in charge of the schooner, in carelessly permitting the line to remain fastened.

There is much conflicting testimony in regard to whether a line was left fastened or not from the schooner to the ship when the ship started, and as to whether the ship moved against the schooner or pulled the schooner by the line against the ship. But, in the view I take of the case, it is not important to reconcile or solve this conflict, for, in any aspect of the case, I think the collision was wholly the fault of the ship. The schooner was moored and motionless. The ship was moving. It was the duty of the ship not to collide with the schooner. If there was no line fastened from the schooner to the ship, then the ship must have fallen off from pier 27 and moved against the schooner, and it was negligence in her to do so, and she must bear the consequences. If there was a line fastened, as that line had been so fastened by the consent and permission and with the knowledge of those in charge of the ship, it was their duty to assure themselves, beyond mistake, that the line was unfastened before they moved the ship, and it was negligence in them to move the ship with such line fastened. As between the two vessels, under the circumstances, the duty of seeing that the line was unfastened rested wholly on the ship. If the schooner had attempted to move out of the slip, the ship remaining at rest, it would then have been the duty of those on board of the schooner to have seen that the line was unfastened, and the schooner would have been solely responsible for all consequences to herself and to the ship of her negligently moving with the line unfastened.

There must be a decree against the ship for the damages caused by the collision, with a reference to a commissioner to ascertain and report the damages.